IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

**MALCO KIYABO KUNDO,**

           Petitioner,

vs.

**UNITED STATES OF AMERICA,**

           Respondent.

**MEMORANDUM DECISION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Case No. 2:16-CV-436-DAK

The Honorable Dale A. Kimball

      This matter is before the court on Petitioner Malco Kiyabo Kundo's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. On August 30, 2007, Mr. Kundo was named in a four-count indictment charging, *inter alia*, armed carjacking, in violation of 18 U.S.C. § 1951, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). On January 23, 2008, under the terms of a signed "Statement By Defendant in Advance of Plea of Guilty," Mr. Kundo pleaded guilty to armed carjacking and brandishing of a firearm during a crime of violence.

      In exchange for his plea, the Government agreed to recommend a sentence of 147 months' imprisonment. The court accepted the plea, and, on April 8, 2008, sentenced Mr. Kundo to 147 months' imprisonment followed by 60 months' supervised release. Mr. Kundo did not file a direct appeal.

      On May 23, 2016, Mr. Kundo filed with the court a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Mr. Kundo's motion argues that the decision by the United States Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague, applies

to the residual clause in 18 U.S.C. § 924(c). Therefore, Mr. Kundo argues that his sentence based on Count II should be vacated and that he should be resentenced.

Although Mr. Kundo's petition is not barred by the statute of limitations, Mr. Kundo's petition fails on the merits. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so." *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996). Under 28 U.S.C. § 2255, a prisoner in custody can move the court to vacate, set aside, or correct a sentence if the sentence was unconstitutional, illegal, in excess of the maximum authorized by law, or otherwise subject to collateral attack. A one-year statute of limitation applies to motions brought under § 2255.

> The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The Judgment in Mr. Kundo's underlying criminal case was entered on April 8, 2008. Mr. Kundo had 30 days to file an appeal, which he chose not to do. Therefore, the Judgment became final on May 9, 2008, and the one-year statute of limitations began to run. Absent an event restarting the one-year period, Mr. Kundo would be time barred from filing a petition after May 9, 2009, which would include his § 2255 petition, filed May 23, 2016.

Mr. Kundo argues that the Supreme Court decision in *Johnson v. United States*, decided June 26, 2015, asserted a new right that has retroactive implications and that, therefore, restarted the one-year period per 28 U.S.C. § 2255(f)(3).

In order for the one-year period to restart under 28 U.S.C. § 2255(f)(3), the Supreme Court must newly recognize a right and make the right retroactively applicable to cases on collateral review. The Supreme Court recognized a new rule in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and the Supreme Court expressly made that new rule retroactively applicable to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016). Because the Supreme Court has expressly made the determination that the rule in *Johnson* should be applied retroactively, the *Johnson* decision restarts the one-year period under 28 U.S.C. § 2255(f)(3). Therefore, Mr. Kundo's petition is timely.

Even though Mr. Kundo's petition is timely, the petition fails on the merits. Because the language in the 18 U.S.C. § 924(c)(3)(B) residual clause, which Mr. Kundo pleaded guilty to, is similar to the language in the ACCA 18 U.S.C. § 924(e)(2)(B)(ii) residual clause, which the Supreme Court found to be unconstitutionally vague, Mr. Kundo argues that the § 924(c)(3)(B) residual clause is also unconstitutionally vague and unenforceable. However, a key difference in the application of the two residual clauses renders Mr. Kundo's argument invalid.

The relevant portions of the ACCA increase a defendant's punishment if that defendant "has three previous convictions . . . for a violent felony . . . committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The residual clause of the ACCA provides that, for purposes of the statute, a violent felony "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Because, by its very terms, the ACCA requires a court to look to past convictions, the court must "assess whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'" *Johnson v. U.S.*, 135 S. Ct. 2551, 2557 (2015) (quoting *Begay v. United*

*States*, 553 U.S. 137, 141 (2008)). This "categorical approach" to determining whether a previous conviction was violent is what the Supreme Court found to be unconstitutionally vague. *See Johsnon*, 135 S. Ct. at 2557.

In contrast to the ACCA, 18 U.S.C. § 924(c) increases the punishment of "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A). The associated residual clause includes within the definition of a crime of violence any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). Instead of looking to past convictions, the § 924(c)(3)(B) residual clause looks "to separate offenses charged in the same case." *United States v. Checora*, No. 2:14CR457DAK, 2015 WL 9305672, at *8 (D. Utah Dec. 21, 2015). Instead of using the categorical approach to determine if a past conviction was violent, the court is able to look to the actual conduct of a defendant in an open case before the court.

The Supreme Court in *Johnson* recognized that application of a crime-of-violence residual clause to "real-world conduct" does not suffer from the same constitutional deficiencies as application of a similar residual clause to past convictions. "As a general matter, we do not doubt the constitutionality of laws that call for the application of a qualitative standard . . . to real-world conduct." *Johnson*, 135 S. Ct. at 2561. Because of these significant differences between the application of the ACCA's residual clause and the residual clause in § 924(c)(3)(B), "the court agrees with [its] fellow district courts that nothing in the Supreme Court's *Johnson* decision requires this court to find § 924(c)(3)(B)'s residual clause unconstitutionally vague." *Checora*, No. 2:14CR457DAK, 2015 WL 9305672, at *9; *see also United States v. Prickett*, No.

3:14-CR-30018, 2015 WL 5884904, at *2 (W.D. Ark. Oct. 8, 2015).

Because *Johnson* does not render the § 924(c)(3)(B) residual clause unconstitutionally vague, Mr. Kundo's sentence based on that clause does not need to be vacated, and Mr. Kundo is not entitled to be resentenced.

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253, a certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (quoting 28 U.S.C. § 2253(c)(2)). The court finds that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The court concludes that Mr. Kundo has not made a substantial showing of the denial of a constitutional right and, therefore, declines to issue a certificate of appealability. If Mr. Kundo wishes to appeal the court's ruling on his motion, he must seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

For the reasons above, Mr. Kundo's motion under 28 U.S.C. § 2255 is DENIED and DISMISSED WITH PREJUDICE because it lacks merit.

DATED this 31st day of May, 2016.

BY THE COURT:

_Dale A. Kimball_
DALE A. KIMBALL
United States District Judge